FILED

2014 JAN 31 AM 11: 51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  **HERBERT WIGGINS, APLC**
**Herbert N. Wiggins, SBN 124444**
2  **5220 Clark Ave., Suite 347C**
**Lakewood, CA 90712**
3  **Tel: (310) 779-8847**

4  Attorneys for Plaintiff, M. MERAZ

5

6  UNITED STATES DISTRICT COURT

7  FOR THE CENTRAL DISTRICT OF CALIFORNIA

8  M. MERAZ,                              )   CASE NO: CV14-768-ODW (PJW x)
                                          )
9            Plaintiff,                    )   **Assigned to:**
                                          )
10  v.                                     )   **COMPLAINT FOR DAMAGES,**
                                          )   **UNDER FEDERAL LAW**
11  PORTFOLIO RECOVERY ASSOCIATES,         )
    LLC; LEGAL RECOVERY LAW OFFICES,       )   **1. Equal Credit Opportunity Act;**
12  INC.; and DOES 1 through 10, inclusive, )  **2. Disparate Impact Discrimination;**
                                          )   **3. Fair Debt Collection Practices Act;**
13            Defendants                    )   **4. Unfair Competition;**
                                          )   **5. Breach of the Covenant of Good Faith;**
14                                         )   **6. Injunctive Relief;**
                                          )   **7. Declaratory Relief**
15                                         )

16                                            **[15 USC §§1691-1692; 42 USC §1981-82]**

17                                            **DEMAND FOR JURY TRIAL**

18  _____

19  COMES NOW Plaintiff, M. MERAZ, aka Maria Meraz, aka Maria Bojorquez, who files this

20  Complaint for relief, as follows:

21                              **<u>INTRODUCTION</u>**

22  1. This Complaint is filed as a result of the discriminatory, unfair, abusive, and unconscionable conduct

23  of Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC; LEGAL RECOVERY LAW

24  OFFICES, INC. [hereinafter, "COLLECTION ATTORNEYS,"] and DOES 1 through 10, inclusive.

25  Said Defendants have acted in concert, in contravention of various state and federal statutes, including

-1-

1  anti-discrimination laws, and the common law.

2  2.   Plaintiff is informed and believes, and based thereon alleges, that Defendant PORTFOLIO

3  RECOVERY ASSOCIATES, LLC is the successor in interest to GE Capital, for the purposes of a

4  credit card loan, Acct. No. XXXXXXX1552, made by the latter, a nationally-regulated lender, to

5  Plaintiff; that Portfolio has, for the purposes of federal regulations, such as the Equal Credit

6  Opportunity Act, fully stepped into the shoes of GE Capital. PORTFOLIO and its collection counsel

7  are, for the purposes of the aforementioned credit card loan, subject to all federal restrictions and

8  requirements that would apply to GE Capital and the latter's collection counsel. These federal

9  requirements include those pertaining to a "creditor," such as PORTFOLIO RECOVERY

10  ASSOCIATES, LLC, and "debt collector" counsel, such as Defendant COLLECTION ATTORNEYS.

11  (12 CFR 202.2 (l) (part of the Federal Reserve's Regulation "B"), and 15 USC 1691(a)(2)). Defendant

12  PORTFOLIO RECOVERY ASSOCIATES, LLC ("Portfolio") therefore, may not discriminate in the

13  collection process against 1) racial minorities; 2) women; and 3) those receiving public assistance, all

14  of which categories apply to PLAINTIFF MERAZ. (15 USC 1691 (a); 12 CFR 202.2 (m))

15

16  3.   Plaintiff is informed and believes, and based thereon alleges, that Defendant COLLECTION

17  ATTORNEYS, is barred by 15 USC Sec. 1692 from engaging in, facilitating, endorsing, ratifying,

18  and/or encouraging, the illegal conduct of Portfolio, such as the knowing discrimination against the

19  protected classes of 15 USC §1691, in the collection process [e.g., those on public assistance; see 12

20  CFR 202.2 (m)]. Additionally, Portfolio is a "debt collector," and Collection Attorneys acts as a "debt

21  collection law firm," pursuant to 15 USC §1692, and thus the acts on Portfolio and Collection

22  Attorneys are actionable. Plaintiff is informed and believes, and based thereon alleges, that Collection

23  Attorneys 1) acts repeatedly seeks to collect debts for GE Capital and other national lenders, and their

24  successors in interest, such as Portfolio: 2) derives the majority of its income from such debt collection;

25  3) holds itself out to the general public as  debt collection law firm. As such, Collection Attorneys is

COMPLAINT: EQUAL CREDIT OPPORTUNITY ACT; DEMAND FOR JURY TRIAL

1  subject to protections against abusive collection practices, and should have, but in this case did not,

2  restrain Portfolio from such abusive conduct. COLLECTION ATTORNEYS may therefore be held

3  liable. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605 (2010) [collection

4  law firm liable for violations of law in loan collection]

5

6  4. Plaintiff M. MERAZ ("Plaintiff") is an individual. She entered into the subject loan agreement with

7  GE Capital, Portfolio's predecessor in interest, in or about 2009. During 2010 to 2013, Plaintiff

8  suffered decreased income, which hampered her ability to repay the loan. In or about 2010, Plaintiff

9  is informed and believes, and based thereon alleges, that, Plaintiff informed GE Capital that she was

10  not able to repay the loan subject to GE Capital's terms. Plaintiff became unemployed, and was on

11  public assistance (unemployment insurance) for several months of 2010-2012, during the pendency of

12  the payback period, while living in the County of Los Angeles.  During the pendency of this payback

13  period, while on public assistance, Portfolio knowingly refused to negotiate terms of repayment more

14  accommodating to Plaintiff, and thus engaged in "disparate impact discrimination" against Plaintiff.

15  *Ramirez v. Greenpoint Mortgage Funding,* 633 F.Supp. 622, 626 (N.D.Cal., 2008). To this day,

16  Plaintiff is informed and believes, and thereby alleges, Portfolio, with the encouragement and

17  endorsement of Collection Attorneys, refuses to engage in discussions that would end this "disparate

18  impact" discrimination by Portfolio against Plaintiff. Thus there is a continuing violation of federal

19  law by both named defendants.

20

21  5.  In making the credit card loan to Plaintiff, Portfolio's predecessor in interest *participated in the*

22  *process of a credit transactions, as regulated by Federal Reserve Regulation "B,"* including, among

23  other statutes, 15 USC Sec. 1691 and 12 CFR 202.2 (m). Plaintiff is also informed and believes, and

24  based thereon alleges, that the credit transactions and collection processes involved herein were, at all

25  relevant times, subject to the California and federal common law covenants of good faith and fair

-3-
COMPLAINT: EQUAL CREDIT OPPORTUNITY ACT; DEMAND FOR JURY TRIAL

1    dealing, and the anti-discrimination clauses of 15 USC §1691 and 12 CFR 202.2, among other laws.

2

3

4    6. Portfolio, via Defendant, COLLECTION ATTORNEYS, has sued Plaintiff in the Superior Court

5    of the State of California, in and for the County of Los Angeles, Case No. 13C00518, as part of

6    Portfolio's loan collection process, subject to 15 USC Sec. 1691 and 12 CFR 202.2(m). Collection

7    Attorneys is acting as counsel for Portfolio in that matter, and refuses to respond to Plaintiff's

8    recitation of his rights pursuant to federal law, and has refused to settle the case or prevent the filing

9    of the instant matter, despite repeated written requests and demands, made over the last several months.

10   Counsel for Plaintiff MERAZ, since in or about the spring of 2013, has advised Counsel for Portfolio

11   that the matter is subject to Federal jurisdiction, pursuant to the Equal Credit Opportunity Act and

12   other laws, and has sought to resolve the matter. Counsel for Portfolio is utterly non-responsive. It is

13   the intention of Counsel for Plaintiffs herein to seek the dismissal, suspension, or abatement of the

14   State Court action, forthwith.

15

16   7. This Complaint is based on the 15 USC 1691 [Fair Debt Collection Practices Act] and 1692 [Equal

17   Credit Opportunity Act (hereafter, "ECOA")]; 12 CFR 202.2(m) [Equal Credit Opportunity Act

18   applies to collections]; 15 USC 1692 [Fair Debt Collection Practices Act];   *Jerman v. Carlisle,*

19   *McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605 (2010) [collection law firm liable for violations

20   of law in loan collection]; 42 USC Sec. 1982 [racial discrimination in contracts; *Ramirez v. Greenpoint*

21   *Mortgage Funding,* 633 F.Supp. 622, 626 (N.D.Cal., 2008 [lender liable for "disparate impact"

22   discrimination against borrowers, based on alleged policies; see also cases cited therein]); and the

23   California law of contract and unfair business practices, and other laws.

24

25   8. Defendant, Portfolio, as facilitated and endorsed by Defendant Collection Attorneys, through its

-4-

COMPLAINT: EQUAL CREDIT OPPORTUNITY ACT; DEMAND FOR JURY TRIAL

1   loan and collection policies, is pursuing a policy or policies that have a "disparate impact" upon

2   Plaintiff herein. For example, the United States Department of Labor, in various publications of the

3   Bureau of Labor Statistics, and private news sources, have stated, for example, that 1) the recession of

4   2007 and its after effects (also known as "the Great Recession") caused long periods of unemployment

5   for many; and 2) the unemployed had and have far greater difficulty in paying back financial

6   obligations than those who remained gainfully employed from 2007 until the present. Racial minorities

7   and those on public assistance suffered statistically greater negative impacts upon their wealth and

8   greater losses of income than non-minorities and those who remained gainfully employed during the

9   Great Recession and afterwards. The effects of that downturn are still felt nationwide today. (See, for

10  example, *Bloomberg Financial News,* "Sorry, U.S. Recoveries Aren't Different," October 15, 2012,

11  located online at http://www.bloomberg.com/news/2012-10-15/sorry-u-s-recoveries-really-aren-t-

12  different.html)

13

14  9. Plaintiffs' ability to pay bills has been seriously, negatively impacted by the Great Recession, and

15  its after effects. As a result of months of unemployment, receiving the modest sum that is

16  unemployment insurance, Plaintiff was not able to keep up with various financial obligations. It is for

17  precisely someone such as Plaintiff that national lenders, and their collection firms and law firms, are

18  required to refrain from pursuing pursue collection policies that have a "disparate impact" upon the

19  suddenly unemployed credit card borrower, which Plaintiff became in or about early 2011. *See, for*

20  *example,* Office of the Comptroller of the Currency ("OCC"), Credit Card Lending: Comptroller's

21  Handbook (1998 ed.), pp. 6, 13, & 97.

22

23  10. Plaintiff is informed and believes, and based thereon alleges, that Portfolio and its predecessor

24  in interest, at all relevant times, had a policy of demanding immediate, full repayment of a credit card

25  loan, despite the borrower's loss of a job and reliance upon public assistance for all or part of her

1   income, or in the alternative, pushing a policy of no renegotiation of repayment terms for a suddenly

2   unemployed individual. These policies had a disparate impact upon borrowers such as Plaintiff,

3   forcing her, for example, to choose between providing necessities for her family (food, shelter, medical

4   care) and repayment of the loan balance to Portfolio and/or its predecessor in interest. The policies

5   ignored the fact that Plaintiff had far less money, and constituted a continuing pattern of discrimination

6   and abuse against her (*see,* cases collected in *Ramirez v. Greenpoint Mortgage Funding,* 633 F.Supp.

7   622, 626 (N.D.Cal., 2008) [emphasis added]

8   ## II. PARTIES

9   11.  Plaintiff MERAZ is an individual, residing in the County of Los Angeles, State of California. The

10   conduct referred to herein affected her and continues to affect her, from at least 2010 until the present.

11

12   12.  Plaintiff re-alleges her allegations concerning the status of GE CAPITAL, PORTFOLIO, and

13   Collection Attorneys, stated above at Pgh. 2-4, which are reincorporated herein by reference. Plaintiff,

14   however, re-emphasizes, that Defendant Portfolio, as the admitted transferee of all rights, title, and

15   interest in the account of GE CAPITAL, Acct. xxxxxxxx1552, thus acquired all the obligations and

16   duties of GE Capital with regard to the collection of said debt. As a result, Plaintiff is informed and

17   believes, and based thereon alleges, that Portfolio, in its collection policies and practices, including

18   the conduct of the collection action, is subject to the regulations of the Office of the Comptroller of

19   the Currency, the Federal Reserve, and the Department of the Treasury. Therefore, said Defendant is

20   subject to various anti-discrimination laws regulating PORTFOLIO and commerce. (OCC, Credit

21   Card Lending: Comptroller's Handbook (1998 ed.), pp. 6, 13, & 97.

22

23   13.  Plaintiff is informed and believes, and based on said information and belief alleges, that Defendant

24   Collection Attorneys is a law firm which regularly and frequently represents creditors; that at least

25   50% of its income comes from debt collection; that debt collection is its principal business; and that

1   COLLECTION ATTORNEYS regularly and frequently attempts to collect debts for Portfolio and/or

2   GE Capital. Furthermore, Collection Attorneys apparently often initiates many collection actions

3   without investigating the facts of the matters from the consumer's point of view, e.g., for the existence

4   of disparate impact discrimination and federal jurisdiction. COLLECTION ATTORNEYS simply

5   ignores the Plaintiff-borrower's requests for accommodation, and MERAZ's counsel's repeated

6   requests to resolve the matter. COLLECTION ATTORNEYS is a "debt collector" pursuant to 15 USC

7   §1692a (6) (Fair Debt Collection Practices Act ["FDCPA"]), and COLLECTION ATTORNEYS is

8   otherwise subject to the requirements and restrictions of the FDCPA. COLLECTION

9   ATTORNEYS'S actions herein violate 15 USC §1692e, among other statutes.

10

11   14.   Plaintiff is informed and believes, and based thereon allege, that Portfolio has a policy of

12   demanding full and immediate payment of a loan balance, without accommodating for Plaintiff's

13   unemployment and her interval on unemployment insurance. This policy causes DISPARATE

14   IMPACT upon Plaintiff. Then, going even further, Defendants file a LAWSUIT Mr. MERAZ, making

15   a mockery of all obligations pursuant to the Equal Credit Opportunity Act, and Fair Debt Collection

16   Practices Act. This the very essence of DISPARATE IMPACT discrimination. Moreover, Plaintiff is

17   informed and believes, and based on said information and belief alleges, that COLLECTION

18   ATTORNEYS as agent of Portfolio has encouraged, ratified, adopted, aided, abetted, and actively

19   joined in the discriminatory conduct. Penalizing this conduct, granting rescission of the alleged

20   contract, and awarding damages against COLLECTION ATTORNEYS and the remaining

21   Defendants, would be consistent with the broad purpose of the ECOA [i.e., prevention of abusive,

22   unfair, and unconscionable conduct by creditors against and debt collectors]. *Heintz v. Jenkins*, 514

23   U.S. 291, 297-298, 115 S.Ct. 1489, [FDCPA is a broad statute]; *Ramirez v. Greenpoint Mortgage*

24   *Funding, Inc.*, 633 Fed.Supp.2d 922, 926-928 (N.Dist. Cal., 2008); *Frey v. Gangwish*, 970 F.2d 1516,

25   1521, (6th Cir., 1995) [FDCPA a broad statute] (case cited on other grounds in Rutter, Cal. Practice

Guide: Enforcing Judgments/Debts CH. 2-B, B., "Statutory Liability And Procedures," (2009)); *Baker v. GC Services Corp.,* 677 F.2d 775, 777 (9th Cir., 1982) [FDCPA designed to protect from unscrupulous collectors]. COLLECTION ATTORNEYS' unscrupulous conduct, in actively and knowingly supporting the discriminatory conduct referred to herein (racial discrimination in contracts – 42 USC Sec. 1981) and disparate impact [credit transaction discrimination - Equal Credit Opportunity Act]) by WELLS FARGO, FDM, and FDC, puts COLLECTION ATTORNEYS squarely within the group of entities that the FDCPA was designed to bring to heel. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605 (2010) [7-2 decision]).

15. The ECOA applies to the collection process, e.g., demanding payment from an individual such as Meraz, in violation of prohibitions against disparate impact discrimination. 12 CFR 202.2 (m); *Ramirez v. Greenpoint Mortgage Funding, Inc.,* 633 Fed.Supp.2d 922, 926-928, and cases collected therein.

16, Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants herein, including all factitiously-named Defendants, is the agent, employee, and co-venturer of each of the remaining Defendants, and acted herein within the scope of said agency, employment, and co-venture. Moreover, each and every Defendant endorsed, approved, ratified, and encouraged the conduct of each of the remaining Defendants, as alleged herein.

## JURISDICTION AND VENUE

17. Venue is proper in this Court, as MERAZ is filing a federal question Complaint. Moreover, it will be MERAZ's intent to seek transfer of the underlying state court action to federal court as well, pursuant to pendant jurisdiction. 15 USC §1691 (Equal Credit Opportunity Act); 15 USC §1692 *et seq.* (Fair Debt Collection Practices Act); 42 USC §1981 (Civil Rights Act; Racial Discrimination);

42 USC §12101 (Americans with Disabilities Act); 15 USC 1601 (Fair Lending Laws); *Gibson v. Schmidt,* XXX US XXXX (1965).   Additionally, or alternatively, Defendant PORTFOLIO   is a "PORTFOLIO ," pursuant to at 42 USC §12181(7) (f) and Title 12 of the United States Code, and is chartered by the federal government. Defendant PORTFOLIO AND COLLECTION ATTORNEYS are debt collectors and/or debt collection attorneys, pursuant to 15 USC 1692 et seq.("FDCPA"), as discussed more fully above.

18.   Pursuant to 28 USC §1391 (b) and (c) venue is proper because Defendant PORTFOLIO is a corporation subject to *in personam* jurisdiction in this district.

19.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant is the agent, employee, and co-venturer of the remaining defendants, and endorsed, ratified, and approved all of the conduct alleged herein, committed by them and by said agents, employees, and co-venturers, and so acted in the course and scope of said agency, employment, and/or co-venture.

**FIRST CAUSE OF ACTION: VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT (15 USC §1691 et seq.)  [Against PORTFOLIO and Does 1-5, inclusive]**

20.  Plaintiff reincorporates and realleges the allegations stated above at Paragraphs 1-19 above herein, as though fully re-stated at this place.

21.  The Equal Credit Opportunity Act (hereafter, "ECOA") was first enacted in 1974 as a consumer protection statute, prohibiting discrimination in the issuance of credit, and in the administration of credit transactions. The Act has been broadly construed by the Courts to make effective its provisions to protect consumers.

22.  The ECOA places **a non-delegable duty** upon PORTFOLIO and Roes 1-20, inclusive, to refrain from discrimination. "Consumer laws and regulations, including fair lending and other anti-discrimination laws, affect all aspects of credit card lending." OCC, Credit Card Lending:

-9-

Comptroller's Handbook (1998 ed.), p. 8.  The ECOA must be liberally construed to best effectuate the purpose of eradicating discrimination in credit transactions and to prevent creditors from profiting from invidious discrimination. *See, United States v. Landmark Financial Services Inc.,* 612 F. Supp. 623, 628 (D. Md. 1985) ("Congress believed 'that strong enforcement of [the ECOA] is essential to accomplish its purposes.") (quoting S.Rep. 589, 94th Cong., 2d Sess.); *Silverman v. Eastrich Multiple Investor Fund, L.P.,* 51 F.3d 28, 32-33 (3d Cir. 1995) (ECOA should be interpreted so that creditors do not benefit from discrimination). Accordingly, courts regularly look to case law developed under the Fair Housing Act to interpret ECOA. *See, Shuman v. Standard Oil Co. of Cal.,* 453 F. Supp. 1150, 1153-54 (N.D. Cal. 1978) (in absence of decisional law under ECOA, court looked to Fair Housing Act); *United States v. Beneficial Corp.,* 492 F. Supp. 682, 686 (D. N.J. 1980), *aff'd,* 673 F.2d 1302 (3rd Cir. 1981) ("Although there is at this time a paucity of precedent with respect to ECOA, analysis of the enforcement network of the analogous Fair Housing Act has resulted in similar conclusions."); *Emigrant Savings PORTFOLIO  v. Elan Management Corp.,* 668 F.2d 671 n.3 (2d Cir. 1982) (stating that ECOA claim does not require separate analysis from Fair Housing Act claim). Thus, Fair Housing Act cases applying the non-delegable duty doctrine should apply with equal force to Plaintiffs' ECOA claims, and assist this Court in assessing DISPARATE IMPACT analysis.

23.  PORTFOLIO and Does 1-5, inclusive, are "creditors," within the meaning of 15 USC §1691(e). Furthermore, moving to collect from a consumer, where 1) minorities are more negatively affected by the recession; 2) Plaintiff is a minority; 3) Plaintiff was on public assistance after her layoff; and where 4) Plaintiff's ability to pay bills has also been negatively impacted by a documented her loss of income and the attempted foreclosure on her home, and the urgent need to address that situation, in the context of continuing to care for her elderly mother. 15 USC §1691(a)(1) and (a) (2), which state, respectively, that "[i]t shall be unlawful for any creditor to discriminate against any applicant, **with respect to any aspect of a credit transaction...on the basis of ...national origin,**" and that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect **to any aspect of a credit transaction ...where all or part of the applicant's income is derived from any program of public assistance.**" [emphasis added] Plaintiff MERAZ falls within the protections of 15 USC §1691(a) (1) and (2).

24. PORTFOLIO discriminated against Plaintiff in violation of the ECOA by, *with knowledge of her layoff, loss of income, impending foreclosure, mounting bills, threat to her income going forward, and need to care for her elderly parent,* insisting on full and immediate payment of a balance due on her credit card, while knowing or suspecting that other creditors were also demanding full payments of credit cards, going forward and demanding payment of amounts that it knew or should have known that MERAZ could not pay. **PORTFOLIO refused to even acknowledge the difficulties that Plaintiff has faced/is facing, but rather, allegedly attempted to "assign" its account to Defendant Portfolio, a debt collector, which hired an attorney, COLLECTION ATTORNEYS, and filed a State Court complaint against Plaintiff.**

25. Alternatively, PORTFOLIO engaged in a facially neutral *policy of seeking immediate full payment from credit card holders, such as MERAZ, and hiring attorneys to sue cardholders such as Plaintiff, who apparently cannot pay the full balance right away, without negotiation, and without inquiring as to the cause, reason, or circumstances relating to the particular situation of the specific credit card holder, or making a reasonable accommodation for same.* This policy had a **disproportionate effect upon MERAZ, compared to similarly situated Caucasian males, because MERAZ is 1) is minority; 2) is female, with dependent(s); 3) had been on public assistance during the relevant time period (2009-2012); 4) had, as many minorities, suffered greater negative impact to income and savings during the relevant time period (2009-2012) as a result of the "Great Recession"; and 5) all of this occurred in the middle of the worst economic downtown in the United States since the period 1929 to 1939. PORTFOLIO, Portfolio, Portfolio's predecessor in interest, and COLLECTION ATTORNEYS, were aware of these facts, or, Plaintiff is informed and believes, could easily discovered them had they attempted to meet their statutory duties pursuant to ECOA and FDCPA, but Defendants could not have cared less.**

26.   These acts, separately and collectively, had a DISPROPORTIONATE NEGATIVE IMPACT Plaintiff, in violation of 12 CFR 202.2 (m).

27.   There is no legitimate business reason justifying the aforementioned policies and practices employed by PORTFOLIO against MERAZ.  Any business purpose that said policies and/or practices seek to achieve could be achieved by a policy that does not have 1) such a discriminatory effect; 2) such a Draconian impact; and 3) such an outrageous appearance of insensitivity, unfairness, and ruthlessness. **THIS IS PARTICULARLY TRUE WHERE PORTFOLIO'S PREDECESSOR IN INTEREST RECEIVED BILLIONS OF DOLLARS IN "TARP" BAILOUT MONEY FROM THE SAME TAXPAYERS THAT IT IS SUING NOW.**

28.  As a proximate result of the acts of PORTFOLIO and Does 1-5, inclusive, and their violation of this statute, Plaintiff has been actually damaged, including suffering physical and emotional distress, injuries to her strength and activity, and physical injuries, in an amount subject to proof, but in excess of $10,000.

29.  Moreover, this claim for relief arises from continuing violations of the ECOA; for example, the State Court lawsuit filed by PORTFOLIO that is still pending.

30.  Wherefore, Plaintiff is entitled to actual damages against Defendants, as well as declaratory relief, and equitable relief, including rescission of the alleged contract, repair of her damaged credit, and injunctive and declaratory relief, for Defendants' conduct, as described herein.

31. Defendants' actions were malicious, oppressive, vexatious, intended to harm Plaintiff, and/or taken with wanton and reckless disregard for their tendency and likelihood to cause harm to Plaintiff, and to undermine her statutory rights, in a manner justifying punitive damages, pursuant to the Equal Credit Opportunity Act, and federal common law.

**SECOND CAUSE OF ACTION: DISPARATE IMPACT/DISPARATE TREATMENT RACIAL DISCRIMINATION (Civil Rights Act; 42 USC §§1981, 1982, *et seq.*)  [Against PORTFOLIO AND COLLECTION ATTORNEYS, and Does 1-5, inclusive]**

32. Plaintiff reincorporates and realleges the allegations stated above at Paragraphs 1-31 above herein, as though fully re-stated at this place.

33. The Civil Rights Act of 1866 and 1870, later expanded in 1991, prohibits racial discrimination in the formation, performance, and allowance of enjoyment of the benefits of the privileges, terms, and conditions of contracts.

34. 42 USC §1981 states the following:

(a) Statement of equal rights

**All persons** within the jurisdiction of the United States shall

have the same right in every State and Territory to make and

enforce contracts, to sue, be parties, give evidence, and **to the**

**full and equal benefit of all laws and proceedings for the security**

**of persons and property as is enjoyed by white citizens,** and shall

be subject to like punishment, pains, penalties, taxes, licenses,

and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce

contracts" includes **the making, performance, modification, and**

**termination of contracts, and the enjoyment of all benefits,**

**privileges, terms, and conditions of the contractual relationship.**

(c) Protection against impairment

The rights protected by this section **are protected against**

**impairment by nongovernmental discrimination and impairment under**

**color of State law.**   [emphasis added]

35. Here, PORTFOLIO 's actions violated this statute, by denying Plaintiff, a minority female, and recipient of public assistance under 15 USC §1691, the benefit of laws against discrimination and

discriminatory conduct. In the performance of the contract manifested by the alleged credit account, Defendant has repeatedly denied Plaintiff the benefit of her bargain, by taking actions that are ethnically and/or racially discriminatory, and/or that discriminate against her on the basis of national origin, and/or on her receipt of public assistance (unemployment insurance). This discrimination violates Fair Lending Laws (federal law), and thus impairs the contractual relationship, if any there is.

36. By insisting that Plaintiff immediately pay Defendant over $6,000 in the fall of 2009, and subsequently, and later filing a lawsuit to grind Plaintiff into the dirt, despite knowledge of Plaintiff's financial difficulties, PORTFOLIO  adopted a policy that tended to have a disparate negative impact upon a minority cardholder, as opposed to a similarly situated Caucasian cardholder.

37. Plaintiff was denied the equal right to enforce her credit agreement with PORTFOLIO , through Defendant's insistence on racially discriminatory conduct, and racially disparate actions taken towards Plaintiff  in the performance of the contract, as detailed herein. Moreover, the ECOA statute, cited above, also makes such "disparate impact" discrimination specifically illegal in credit transactions. *Ramirez v. Greenpoint Mortgage Funding, Inc.*, 633 Fed.Supp.2d 922, 926-928 (N.Dist. Cal., 2008);

38. Because Defendant has had knowledge of Plaintiff's situation for several years, Defendant's actions were intentional.

39. As a proximate result of PORTFOLIO's violation of this statute, Plaintiff has been actually damaged including in her strength and activity, in an amount subject to proof. He has suffered physical injuries and emotional distress.

40. Moreover, this claim for relief arises from continuing violations of the 42 USC §1981; for example, the State Court lawsuit filed by PORTFOLIO that is still pending.

41.  Wherefore, Plaintiff is entitled to rescission of the alleged credit card contract, repair of damage to her credit, injunctive and declaratory relief, and compensatory damages.

42. Defendants' actions were malicious, oppressive, vexatious, intended to harm Plaintiff, and/or taken with wanton and reckless disregard for their tendency and likelihood to cause harm to Plaintiff, and to undermine her statutory rights, in a manner justifying punitive damages, pursuant to Title 42 of the United States Code, and federal common law.

**THIRD CAUSE OF ACTION - UNFAIR, ABUSIVE, AND HARASSING CONDUCT, AND/OR FACILITATION OF SAME, IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (["FDCPA"] 15 USC §§ 1692, *et seq.*) [Against PORTFOLIO, and COLLECTION ATTORNEYS, and Does 1-8, inclusive]**

43.  Plaintiff reincorporates and realleges the allegations stated above at Paragraphs 1-42 above herein, as though fully re-stated at this place.

44.  Through the above alleged actions taken by PORTFOLIO, and through the encouragement, ratification, and endorsement of said actions by COLLECTION ATTORNEYS, both PORTFOLIO and COLLECTION ATTORNEYS, and Does 1-8, are liable for the unfair and abusive actions taken against Plaintiff, such as the current State Court Action which remains pending. 42 USC §§1981, 1982, *et seq.*, (Civil Rights Act; Racial Discrimination); and 15 USC 1691 (Fair Lending Laws), PORTFOLIO, COLLECTION ATTORNEYS and Does 6-8, inclusive, have violated and continue to violate, the FDCPA.

45. Plaintiff is informed and believes, and based on this information and belief allege, that said Defendants' actions are knowing, willing, and intentional.

46. As a proximate result of Defendants' actions, Plaintiff has been actually damaged, in an amount subject to proof, including suffering emotional distress, as well as physical injuries.

47. Wherefore, Plaintiff is entitled to 1) rescission of the alleged credit contract, 2) repair of her credit, 3) injunctive relief to end all further activity to by Defendants that injure MERAZ'S credit; and 4) declaratory relief, as well as 5) compensatory damages.

48. Defendants' actions were malicious, oppressive, vexatious, intended to harm Plaintiff, and/or taken with wanton and reckless disregard for their tendency and likelihood to cause harm to Plaintiff, and to undermine her statutory rights, in a manner justifying punitive damages.

49. Plaintiff is entitled to reasonable attorney's fees.

50. Plaintiff is entitled to statutory damages.

**FOURTH CAUSE OF ACTION: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (By MERAZ Against PORTFOLIO and Does 1-5, inclusive)**

51. Plaintiff reincorporates and realleges the allegations stated above at Paragraphs 1-50 above, as though fully re-stated at this place.

52. Plaintiff MERAZ had a written contract with GE CAPITAL with regard to the credit card loan in question herein. Said contract was apparently assigned to PORTFOLIO by GE CAPITAL. This contract was subject to the federal law, such as 15 USC, Sec. 1691, among other statutes.

53. Furthermore, said contract, both before and after the assignment to PORTFOLIO, was and is subject to a covenant of good faith and fair dealing, which is part of all contracts in California, as well as the federal common law covenant of good faith and fair dealing. These covenants require that neither party thereto act to defeat or undermine the rights of the other party to the contract.

1    54.  Defendant PORTFOLIO and Does 1-5 breached the covenants of good faith and fair dealing, by

2    failing to abide by their duties as "creditors," pursuant to 15 USC Sec. 1691 and other laws, such as

3    the prohibition against disparate impact discrimination against those receiving public assistance. By

4    acting in the unfair, abusive, and discriminatory manner described herein, which sought to undermine

5    Plaintiff's federal rights, said Defendants breached the covenant of good faith and fair dealing.

6

7    55. As a proximate result of Defendants' violation of the covenant of good faith and fair dealing, such

8    as Defendants' refusal to even respond to Plaintiff written demand letter based on ECOA, of August

9    2013, Plaintiff has been obliged to hire counsel, incur expenses, and suffer damages subject to proof,

10   and within the jurisdiction of this court.

11

12

13

14

15   **FIFTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA LAW AGAINST**

16   **UNFAIR COMPETITION AND UNFAIR TRADE PRACTICES [By MERAZ Against**

17   **PORTFOLIO, COLLECTION ATTORNEYS, and Does 1-10, inclusive]**

18   56. Plaintiff reincorporates and realleges the allegations stated above at Paragraphs 1-55 above herein,

19   as though fully re-stated at this place.

20

21   57. Defendants' conduct has been immoral, uncivil, unfair, and intended to harm and defeat Plaintiff's

22   rights. Plaintiff is informed and believes, and based thereon alleges, that the alleged acts were and are

23   apparently undertaken as part of Defendants' regular and customary business practices.

24

25

58. California's law against unfair competition is broad, and may be stated against any business practice that is unfair, including violations of FEDERAL LAW. Bus. & Prof. Code Sec. 17200; *Cel-Tech Communications v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal. 4th 163, 180; *People v. Persolve, LLC* (2013) 218 Cal.App.4th 1267 [subheading "3" under "Discussion"; liability for federal law violation]. The unfair competition law violation may be stated against the creditor and creditor's counsel. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605 (2010) [collection law firm liable for violations of law in loan collection]; *People v. Persolve, LLC* (2013) 218 Cal.App.4th 1267 [subheading "3" under "Discussion"; liability for federal law violation]. Here, PORTFOLIO's pursuit of a debt in violation of the ECOA, and COLLECTION ATTORNEYS's violation of the Fair Debt Collection Practices Act, as well as PORTFOLIO's breach of the covenant of good faith and fair dealing, constitute unfair conduct and unfair business practices. Such conduct may be the subject of fines and attorney's fees against said Defendants.  Bus. & Prof. Code Sec. 17200.

59. Each of the policies and practices of PORTFOLIO enunciated herein constitutes a separate unfair practice, and should be sanctioned separately, as provided by law. Furthermore, each act of PORTFOLIO facilitated by COLLECTION ATTORNEYS, and each independent wrongful act of COLLECTION ATTORNEYS, as alleged herein, constitutes a separate violation of the Unfair Competition Law, and should be sanctioned separately, as provided by law. Bus. & Prof. Code Sec. 17200; *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605 (2010) [collection law firm liable for violations of law in loan collection]; *People v. Persolve, LLC* (2013) 218 Cal.App.4th 1267 [subheading "3" under "Discussion"; liability for collection agency's federal law violation]; *Cel-Tech Communications v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal. 4th 163, 180 B&P Code 17200 is extremely broad statute].

1   60. Based on Defendants' conduct, Plaintiff is entitled to her attorney's fees and costs herein.

2   Furthermore, the State of California is entitled to a statutory fine of $1000 for each violation of law

3   found herein against Defendants. Plaintiff will turn any statutory fines awarded to the Attorney

4   General of the State of California, or to the District Attorney of the County of Los Angeles.

5

6   61. As a result of Defendants' actions and omissions, Plaintiff has suffered damage to her credit, loss

7   of employability, and loss of reputation, in a value subject to proof, but in excess of $10,000.

8

9   **SIXTH CAUSE OF ACTION: INJUNCTIVE RELIEF**

10   **[By MERAZ Against PORTFOLIO, COLLECTION ATTORNEYS, and Does 1-10, inclusive]**

11   62. Plaintiff reincorporates and realleges the allegations stated above at Paragraphs 1-61 above herein,

12   as though fully re-stated at this place.

13

14   63. Plaintiff is informed and believes, and based thereon alleges, that Defendants' continuing

15   violations, have damaged and continue to damage her credit, reputation, employability, and income,

16   and place her and her family at great financial risk. She faces dire economic, familial, and future

17   professional consequences if this abuse does not stop immediately. Her losses to reputation, family,

18   credit, and employability, given her age of over 50, cannot be compensated monetarily. Such damage

19   to her credit, and personal and professional reputations would be irreparable; she could be denied

20   employment or advancement in employment, thus putting her family further at risk.

21

22   64. If Plaintiff suffers the consequences outlined above, which are the likely end result of Defendants'

23   discriminatory and unfair conduct, Plaintiff will suffer irreparable harm. There is no adequate legal

24   remedy for this loss of reputation and employability, as the economy continues to stagger and sputter.

25

65. Given the mandatory duties that PORTFOLIO succeeded to, as GE CAPITAL's successor in interest, and the duties placed upon COLLECTION ATTORNEYS by 15 USC Sec. 1692, as alleged herein, and the state and federal judiciary's recognition of disparate impact and disparate treatment discrimination under ECOA, as well as California's strong policies against abusive collection, Plaintiff has a high probability of success at trial on the merits of her civil rights claim. See, for example, *Ramirez v. Greenpoint Mortgage Funding, Inc.,* 633 Fed.Supp.2d 922, 926-928 (N.Dist. Cal., 2008) [actionable disparate impact discrimination pursuant to the Equal Credit Opportunity Act, based on authority established under the Federal Housing Act].

66. Based on the foregoing, the Court should enjoin all Defendants, both named and fictitious, from recovering the amount demanded in the underlying State Court Complaint, and from continuing any and all conduct in violation of the ECOA and the FDCPA.

### SEVENTH CAUSE OF ACTION: DECLARATORY RELIEF

**[By MERAZ Against PORTFOLIO, COLLECTION ATTORNEYS, and Does 1-10, inclusive]**

67. Plaintiffs reincorporate and reallege the allegations stated above at Paragraphs 1-66 above herein, as though fully re-stated at this place.

68. Plaintiff is informed and believes, and based thereon alleges, that an actual controversy has arisen with regard to 1) PORTFOLIO's entitlement to funds, sought in a way that offends the federal laws in favor of consumer protection and against discrimination; and 2) whether PORTFOLIO and COLLECTION ATTORNEYS have acted in a way the offends the ECOA, among other laws, thus

entitling Plaintiff to an injunction (e.g., rescission of the alleged agreement); and 3) whether PORTFOLIO and COLLECTION ATTORNEYS have engaged in and facilitated this violative conduct, thus offending the FDCPA and the California law against unfair competition. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605 (2010); *People v. Persolve, LLC* (2013) 218 Cal.App.4th 1267 [subheading "3" under "Discussion"; liability for collection agency's federal law violation].

69. WHEREFORE, the Court should settle these controversies, and issue declaratory relief.

### DAMAGES PRAYER:

WHEREFORE, PLAINTIFF MERAZ seeks damages herein as follows

### ON THE FIRST CAUSE OF ACTION

1. Actual damages according to proof, but in excess of $10,000, including for emotional distress;

2. Injunctive, declaratory, and other equitable relief, including rescission;

3. Reasonable attorney's fees;

4. Punitive Damages;

5. Damages for Physical Injuries, based on Defendants' Conduct;

6. Such other and further relief as the Court deems just and proper;

### ON THE SECOND CAUSE OF ACTION

1. Actual damages according to proof, but in excess of $10,000, including for emotional distress;

COMPLAINT: EQUAL CREDIT OPPORTUNITY ACT; DEMAND FOR JURY TRIAL

2. Injunctive, declaratory, and other equitable relief, including rescission;

3. Reasonable attorney's fees;

4. Punitive Damages;

5. Damages for Physical Injuries, based on Defendants' Conduct;

6. Such other and further relief as the Court deems just and proper;

### ON THE THIRD CAUSE OF ACTION

1. Actual damages according to proof, but in excess of $10,000, including for emotional distress;

2. Injunctive, declaratory, and other equitable relief, including rescission;

3. Reasonable attorney's fees;

4. Punitive Damages;

5. Damages for Physical Injuries, based on Defendants' Conduct;

6. Such other and further relief as the Court deems just and proper;

### ON THE FOURTH CAUSE OF ACTION:

1. Actual damages, according to proof, but in excess of $10,000;

2. Reasonable attorney's fees;

3. For such other and further relief as the Court deems just and proper;

### ON THE FIFTH CAUSE OF ACTION:

1. Injunctive, declaratory, and other equitable relief;

2. Reasonable attorney's fees;

3. Statutory Penalties;

4. For such other and further relief as the Court deems just and proper;

### ON THE SIXTH CAUSE OF ACTION:

1. An injunction, and/or other equitable relief, including rescission;

2. Reasonable attorney's fees;

3. Such other and further relief as the Court deems just and proper;

## ON THE SEVENTH CAUSE OF ACTION:

1. For declaratory relief;

2. For such other and further relief as the Court deems just and proper;

DATED:  January 31, 2014

Respectfully submitted,

HERBERT WIGGINS, APLC

HERBERT N. WIGGINS

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLAINTIFF, M. MERAZ, HEREBY DEMANDS, A TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREIN STATED, AND ON ALL CLAIMS THAT MAY BE STATED IN ANY AND ALL AMENDED COMPLAINTS FILED HEREIN.

Dated: January 31, 2014                    HERBERT WIGGINS, APLC

By: _____

HERBERT N. WIGGINS

Attorneys for Plaintiff

-23-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | |
|---|---|
| M. MERAZ | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )  Civil Action No.  CV 14-768- ODW (PJW) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC; | ) |
| LEGAL RECOVERY LAW OFFICES, INC., and | ) |
| DOES 1 through 10, inclusive | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Herbert N. Wiggins / HERBERT WIGGINS, APLC / 5220 Clark Ave., Suite 347C / Lakewood, CA 90712 / 310.779.8847

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: __1-31-14__

Rhonda marshall

_Signature of Clerk or Deputy Clerk_

1184

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Otis D. Wright II _____ and the assigned Magistrate Judge is _____ Patrick J. Walsh _____ .

The case number on all documents filed with the Court should read as follows:

## CV14-768_ODW(PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 31, 2014
_____
Date

By _Rhonda Marshall_____
Deputy Clerk

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| M. MERAZ | PORTFOLIO RECOVERY ASSOCIATES, LLC; LEGAL RECOVERY LAW OFFICES, INC.; AND DOES 1 through 10, inclusive |

| (b) County of Residence of First Listed Plaintiff    Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br><br>HERBERT WIGGINS, APLC / Herbert N. Wiggins / 5220 Clark Ave., Suite 347C / Lakewood, CA 90712 / 310.779.8847 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ Over $10,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC Sec. 1691-1692; 42 USC Sec. 1981-1982

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?  Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below.  If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below.  If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a).  IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:**  Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐   A.  Arise from the same or closely related transactions, happenings, or events; or

☐   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐   D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  _Herbert W._   DATE: January 31, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |